Hornblower, C. J.
By the sixth section of the act to ascertain the power and authority of the ordinary &c. Elm. Dig. 360, power is given to the Orphans’ Court, to award process and to cause to come before the court, all persons, who as executors or administrators shall be intrusted with, or accountable for lands, goods &c., and every person, interested in such estate, as creditor, legatee or next of kin, is at all times entitled to, and may sue out such process.
The-question then is, whether an executor or administrator, who has declared the estate of his testator or intestate insolvent, in the manner prescribed by the third section of the act concerning the estates of persons who die insolvent, Elm. Dig. 169, can be cited to account before the expiration of the time fixed by the court for creditors to exhibit their claims ? Upon reflection, I cannot perceive any reason why an executor or administrator should not be cited to account, simply because he has declared an estate to be insolvent. The proceeding on the part of the executor or administrator, is entirely ex parte. If he is willing to swear, that according to the best of his knowledge and belief, the personal and real estate of his testator or intestate is insufficient to pay the debts, the Orphans’ Court must make an order requiring creditors to exhibit their claims &c. But why should the creditors or next of kin be concluded by such ex parte proceeding of the executor or administrator? Why should they not be permitted to call him to account in the mean time, that they may have an opportunity of excepting to his statement, and of showing that he has not charged himself with the assets that have come to his hands ; or that he is misapplying the same, and ought to give further security, &c. according to the provisions of the seventh section of the act on this subject. Elm. Dig. 360. *77 The mere fact therefore, that the executor or administrator has declared the estate insolvent, is no reason for dismissing the citation ; and much less, for dismissing it with costs. The court upon the return of the writ, may refuse to make an order on the executor or administrator to account; or they may give him time to do so, and may extend that time from one period to another as loug as they may think it reasonable under the circumstances of the case. But why should they dismiss the citation out of court, and decree the citor to pay not only the costs of suing out and serving the writ, but costs to the executor or administrator for moving to dismiss it. In doing so, I am of opinion the court erred, and that the decree dismissing the citation with costs, ought to be reversed. If the court had ordered the administrator to account, and if upon his doing so, the citor had excepted, and had failed to support such exception, the question of costs might have come up, and the court might have then decreed them to be paid out of the assets, or by the exceptants, as the circumstances of the case might have required.

The decree of the Orphans’ Court reversed.